## MATTER OF BARNES

### In SECTION 212(g) Proceedings

### A-13289746

*Decided by Acting Officer in Charge July 6, 1964*

*Approved by Regional Commissioner July 23, 1964*

Application for waiver, pursuant to section 212(g), Immigration and Nationality Act, as amended, of excludability under section 212(a)(9) of the Act is denied, in the exercise of discretion, in the case of an alien who is at liberty under a sentence-imposed, 3-year good-behavior bond, without prejudice to reconsideration upon the expiration date of the bond required by the sentence imposed.

The applicant is a male, native of Barbados, subject of Great Britain, born in Bridgetown on April 23, 1945. He has never been married and has no children. His parents, Frank Vernon Barnes, A13 253 720, and Agnes Barnes, A13 253 643, are aliens who have been lawfully admitted to the United States for permanent residence. Satisfactory documentary evidence of their status and of his relationship to them has been presented.

The applicant has never been in the United States and was found by the consular officer to be eligible for a visa for permanent residence in all respects except excludability under section 212(a)(9) of the Immigration and Nationality Act.

In testimony before an officer of this Service on March 11, 1964, at Bridgetown, Barbados, the applicant testified that his arrest was the result of taking $3,800.00 which had been entrusted to his care by the Canadian Imperial Bank of Commerce in Bridgetown. He stated that at the time he was mixed up with a young woman employed at the bank and he took the money in order that they could run away to Trinidad. As a result of this act he was tried as an adult, found guilty and released under a personal bond of $1,000.00, to be of good behavior for a period of three years. At the time of his conviction the applicant was 16 years, 7 months of age. He testified that he has never committed any other act or offense which might render him inadmissible to the United States or subject him to criminal prosecution.

The applicant's mother was interviewed by a Service officer on October 29, 1963, at New York City, New York. She corroborated her son's statement relative to the incident which now bars him from the United States. She stated that the real fault lay with a girl somewhat older than her son who encouraged him to steal the money and run off with her. She testified that the absence of her son was an extreme hardship to her because of the emotional factor involved. She is of the opinion that he needs to be with her and her husband in order that they may help him and give the benefit of their affection and guidance. If he is not permitted to come to the United States she says that she and her husband will have no alternative but to return to Barbados and be subject to the humiliation of living among people aware of her son's crime.

The applicant's father was interviewed by a Service officer on March 11, 1964, in Bridgetown, Barbados. He testified that until recently he was captain of his own vessel and the applicant worked for him aboard the vessel up to November of 1963. He further testified that he believed that he and his wife can keep the applicant straight and make a good citizen out of him. He sincerely believes the boy has learned his lesson and will not get into any more trouble. The extreme hardship to the lawful alien parents as contemplated by the statute has been established.

The crime committed by the applicant occurred November 1, 1961. The sentence imposed placed him under bond to maintain good behavior for a period of three years which will expire December 12, 1964. If he fails to maintain his good behavior until that date, a breach of the conditions of the bond will result, which could result in forfeiture of the collateral and imprisonment.

Unless the applicant, by his behavior over a reasonable period of time, had demonstrated that a waiver of his excludability is merited as a matter of discretion and that his admission would not be contrary to the national safety, security and welfare of the United States, the waiver may not be granted. It must be recognized that a bond, probation, parole or similar court-imposed disability places an extraordinary burden upon the sentenced individual. Thus, in *Jones* v. *Cunningham*, 371 U.S. 236 (1963) the United States Supreme Court stated that "Conditions of parole significantly restrain petitioner's liberty to do those things in this country free men are entitled to do." The Court held that a person on parole, though physically free, is under strict control and is constantly threatened with return to custody for minor infractions of the conditions of parole.

The applicant in the instant case is at liberty under a sentence-imposed bond, which appears to be a somewhat lesser restraint than

parole. Nevertheless the threat of imprisonment for any breach of the conditions of the bond hangs heavily over his head. While it would be unreasonable to discount completely the good behavior of the applicant during the period for which he has been under that restraint, it is not unreasonable in this case to await the lifting of the restraint imposed by sentence, in effect permitting the sentence to run to completion, before exercising the discretion favorably in his behalf.

The applicant's behavior has been good since the commission of the crime which renders him excludable. However it is concluded that, as a matter of discretion, the waiver of excludability should not be granted prior to December 12, 1964, the expiration date of the bond required by the sentence imposed upon him. The application will be denied without prejudice to reopening and reconsidering the application on our own motion subsequent to December 12, 1964. The case will be certified to the Regional Commissioner, Richmond, Virginia, in accordance with his request.

**ORDER:** It is ordered that the application of Vernon Michael BARNES for a waiver of excludability under paragraph (9) of section 212(a) of the Immigration and Nationality Act, be and is DENIED pursuant to the authority contained under section 212(g) of the Immigration and Nationality Act.

*It is further ordered* that this denial be without prejudice to reopening and reconsidering the application subsequent to December 12, 1964.

*It is further ordered* that this case be certified to the Regional Commissioner, Southeast Regional Office, Immigration and Naturalization Service, Richmond, Virginia, in accordance with his request.